### BANK OF AMERICA v. WAYDELL et al.

(Supreme Court, Appellate Division, First Department. May 12, 1905.)

On motion for reargument. Motion denied.
For former opinion, see 92 N. Y. Supp. 666.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

PER CURIAM. We are informed by the learned counsel for the appellant that this court overlooked the fact that the plaintiff is the holder of the legal title to the draft in suit; also the fact that the draft was indorsed by the payees, Ives & Sons, to the plaintiff; that such fact was not adverted to and was wholly ignored in the opinion delivered by the court. The appellant seems not to have carefully read the opinion. Therein, in stating the nature of the complaint and its averments, this language appears: "That thereafter the said firm of A. Ives & Sons, for value received, indorsed the draft, and delivered it to the plaintiff, who then became and now is the lawful owner and holder thereof." This seems to state that the draft was indorsed by the payees to the plaintiff, and that delivery was made of the same. It was endeavored to be made clear by the opinion that the delivery of the note was accompanied by a written notice which precisely informed the plaintiff that the draft was delivered to it "for collection and credit," and it was said that this notice "established beyond question the authority and right

under which the bank held the draft; that was, to collect and credit the account of Ives & Sons with the proceeds of the draft when collected." Doubtless the indorsement transferred the legal title to the draft so far as to enable the plaintiff to maintain an action thereon for the purpose of collecting the same. It did not, however, have authority to sell it, or make other disposition of it. The apparent legal title created by the indorsement was qualified and limited by the notice. As between the payees in the draft and the drawers thereof, who were the beneficial owners, and the plaintiff, the latter only acquired such authority as is invested in an agent to collect, it not having parted with anything of value therefor at the time of the delivery. Had the plaintiff transferred the draft to a bona fide holder for value before maturity, the latter would undoubtedly have acquired good title thereto from the apparent right to deal with the same created by the indorsement, if such dealing were had without notice of the limited right of the plaintiff in the draft. We are not, however, confronted with such question, as the rights of third parties do not intervene. The acceptance of the draft by the defendants did not change the relation of the parties. Such acceptance inured to the benefit of the true owner of the draft. It was a contract upon the acceptors' part to pay the same to whomsoever should be legally entitled to payment when the draft matured. The notice contained in the letter did not vary the terms of the contract. It formed a part of it, and, as it limited the operative force of the indorsement as between the parties, it is to be considered in determining the legal status and rights of the parties in interest. The notice to collect and credit was something more than an intimation that Ives & Sons did not want the paper discounted. It was a distinct limitation upon the authority of the plaintiff to deal with the draft.

The view of counsel is that the indorsement carried with it the legal title to the draft, and, being invested with such title, plaintiff could thereafter deal with it as its property, sell it, or apply it upon an antecedent indebtedness; and that such right of use could not be prevented by Ives & Sons, or by the true owner of the draft; and that this authority thus vested in the plaintiff could not be revoked. The view of the court is that the indorsement was limited by the notice contained in the letter which accompanied the delivery of the draft; that it formed a part of the contract, and defined the title which the plaintiff took, and was notice to it of the character of the title of Ives & Sons, as it put the plaintiff upon inquiry as to the right of Ives & Sons in the draft, or so far limited the title which it took as to subordinate its right to the right of the true owner at any time before maturity and collection; that the right of Ives & Sons or of Hasty & Sons to revoke the authority to collect existed at the time when such right was exercised. From this conclusion it follows that at the time the action was instituted there existed in the plaintiff no cause of action against these defendants.

For the present, the view of the court must prevail. The points now called to our attention were fully argued upon the appeal. No

question appears to have been overlooked, and the court at least was under no misapprehension as to the question to be determined or what it determined.

The motion for a reargument should therefore be denied, with $10 costs and disbursements.